Filed 2/25/26  P. v. Rinke CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E085062 |
| v. | (Super.Ct.No. FSB1201172) |
| JESSE TYLER RINKE, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Reversed and remanded.

Rex Adam Williams, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Assistant Attorney General, and Daniel Rogers, Deputy Attorney General, for Plaintiff and Respondent.

1

At a hearing pursuant to Penal Code section 1172.75,[1] the court found defendant and appellant Jesse Tyler Rinke ineligible for resentencing. On appeal, defendant contends the court erred in declining to give him a resentencing hearing. We reverse and remand.

## I. PROCEDURAL BACKGROUND

On March 17, 2015, a jury found defendant guilty of second degree murder (Pen. Code, § 187, count 1), vehicular manslaughter (Pen. Code, § 192, subd. (c)(1), count 2), evading an officer causing death (Veh. Code, § 2800.3, subd. (b), count 3), and the unlawful driving or taking of a vehicle (Veh. Code, § 10851, subd. (a), count 4). The jury also found true an allegation attached to count 2, that defendant failed to stop at the scene of an injury accident. (Veh. Code § 20001, subd. (c).) Defendant thereafter admitted that he had suffered a prior serious felony conviction (Pen. Code, § 667, subd. (a)(1)), a prior strike conviction (Pen. Code, §§ 667, subds. (b)-(i) & 1170.12, subds. (a)-(d)), and two prior prison terms (Pen. Code, § 667.5, subd. (b)) (§ 667.5(b)). (*People v. Rinke* (Apr. 27, 2016, E063656) [nonpub. opn.] (*Rinke*).)

The court sentenced defendant to an indeterminate term of 30 years to life on count 1, a consecutive determinate term of 20 years on count 3, five years on the prior serious felony conviction, and one year on each of the prior prison terms. Pursuant to section 654, the court stayed the sentences on counts 2 and 4 and the enhancement attached to count 2. (*Rinke, supra*, E063656.)

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

Defendant appealed. This court affirmed the judgment but modified the sentence to strike one of the prior prison terms that was based on the same prior conviction as the prior serious felony conviction enhancement. (*Rinke*, *supra*, E063656.) On September 20, 2016, the court corrected the abstract of judgment to reflect the modified sentence, which reduced defendant's determinate term of imprisonment by one year.

At a section 1172.75 hearing on December 1, 2023,[2] the People observed, "It looks like [defendant] received a 26-year determinate term plus 30 to life. Of those 26 years, one was from a prison prior." The court struck the remaining prior prison term enhancement: "It will have the effect of reducing the defendant's determinate term from 26 years to 25 years, that is still consecutive to the 30-to-life sentence." The court continued the matter for potential further resentencing.

At the hearing on July 12, 2024, the People informed the court, "I looked at the defendant's appellate history, and in 2016 there was an appellate opinion that in part wiped out all of his prison priors. I'm not sure if the minutes or abstract reflect that. But

---

[2] It is unclear from the record as originally filed how the section 1172.75 proceedings had been initiated. "[S]ection 1172.75 does not authorize a defendant to seek resentencing on his or her own motion or petition. Rather the process is triggered by the Department of Corrections and Rehabilitation [CDCR] identifying a defendant as a person serving a sentence that includes a prior prison term enhancement. [Citation.]" (*People v. Cota* (2023) 97 Cal.App.5th 318, 332; accord, *People v. Newell* (2023) 93 Cal.App.5th 265, 268; *People v. Burgess* (2022) 86 Cal.App.5th 375, 382 [Lower and appellate courts lack jurisdiction over a request for section 1172.75 relief brought solely by a defendant].) On our own motion, we took judicial notice of a CDCR list, which identifies individuals potentially eligible for section 1172.75 relief; defendant's name appears on that list.

in 2016, his prison priors should have been removed.  I want to make sure that []is correct.  And if it is, I would ask to take it off calendar.”

The court indicated it would review the file and check.  Thereafter, the court stated, “Yeah, there’s no—are no [section] 667.5(B) priors left.”  The court noted, “But we also did strike the [section] 667.5(b) prior in December 2023.  Apparently, that had already been stricken by the Court of Appeal.”

The court summarized the People’s contention as follows:  “Your position is the prior was not stricken pursuant to [section] 1172.75, it was stricken by the Court of Appeal on a different ground that affirmed the sentence with no [section] 667.5(b), so we have no jurisdiction to do anything?”

The People replied, “That’s exactly my position.  He might have other mechanisms for calendaring for a resentencing but [section] 1172.75 is not the right one.  For those grounds, we would ask to take it off calendar.  If he has other grounds, he’s welcome to file whatever petition he wants to for those grounds.”

Defense counsel responded, “I have not been able to review the appellate decision, if they were stricken then or in December.  I believe if they were struck prior to 2023, they would not be eligible.  But if they were struck in December 2023, he would be.  I haven’t had a chance to look at it.  I don’t know if the Court can review the file and can determine that today.”

The court replied, “So on 12/1/2023, it was on for [section] 1172.75.  We did strike the . . . [section] 667.5(b) prior.  It appears that was a nullity because it had already been

4

stricken by the Court of Appeal on a different ground." The court continued the matter to allow defense counsel to review the file.

At the hearing on October 11, 2024, the court indicated, "So this is on for petition for consideration for full resentencing, but his [section] 667.5(b) was actually stricken by the Appellate Court previously." The People responded, "It was 2016, the appeal came back. The only change they made was striking the prison prior as a duplicative prior or dual-use prior. So they struck it in 2016. I don't know if it came back on remittitur to correct that, but it should have been stricken in 2016. He only had one."

The court then posited, "Given the nature of cases, he's not eligible for resentencing." The People responded, "Not under [section] 1172.[75.] That would have been a prison prior that was already stricken, so his sentence doesn't have any eligible priors to 1172.[7]5." Defense counsel replied, "I'm in agreement that it does appear that his prison prior was previously stricken in 2016, thus there's no avenue for relief under the law under this particular cloth." Thus, the court found defendant ineligible for resentencing.

## II. DISCUSSION

Defendant contends that the order finding him ineligible for resentencing must be reversed and the matter remanded for a full resentencing hearing. The People concede. We agree.

"In 2019, in an effort to reduce the societal and fiscal burdens of incarceration, the Legislature passed Senate Bill No. 136 (2019–2020 Reg. Sess.) (Senate Bill No. 136),

5

which amended section 667.5(b) to eliminate prior-prison-term enhancements for all prior crimes except for 'sexually violent offense[s] as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code.' (Stats. 2019, ch. 590, § 1.) In 2021, Senate Bill No. 483 (2021–2022 Reg. Sess.) made this change retroactive. It enacted Penal Code section 1171.1 (Stats. 2021, ch. 728, §§ 1, 3), later renumbered without substantive change as Penal Code section 1172.75 (section 1172.75) (Stats. 2022, ch. 58, § 12), which declares: 'Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code is legally invalid.' [Citation.]" (*People v. Rhodius* (2025) 17 Cal.5th 1050, 1054 (*Rhodius*).)

"A defendant serving a term for a judgment that includes a now-invalid enhancement is entitled to resentencing. [Citation.] To facilitate the process, the statute directs California's Department of Corrections and Rehabilitation (CDCR) to 'identify those persons in their custody currently serving a term for a judgment that includes an enhancement described in subdivision (a).' [Citation.] Upon receiving that information, the sentencing court must 'review the judgment and verify that the current judgment includes a sentencing enhancement described in subdivision (a).' [Citation.] 'If the court determines that the current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant.' [Citation.] The statute provides separate deadlines for identification, review, and resentencing of

6

'individuals . . . currently serving a sentence based on the enhancement' and 'all other individuals.' [Citation.]" (*Rhodius*, *supra*, 17 Cal.5th at p. 1055.)

"Section 1172.75, subdivision (d) sets forth detailed instructions for resentencing once a sentence has been recalled. As relevant here, subdivision (d) specifies: 'Resentencing pursuant to this section shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety. Resentencing pursuant to this section shall not result in a longer sentence than the one originally imposed.' [Citation.] The trial court must 'apply the sentencing rules of the Judicial Council' as well as 'any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing.' [Citation.] In addition, the court may 'consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice.' [Citation.]" (*Rhodius*, *supra*, 17 Cal.5th at p. 1055.)

"[S]ection 1172.75 entitles a defendant to resentencing if the underlying judgment includes a prior-prison-term enhancement that was imposed before January 1, 2020,

regardless of whether the enhancement was then executed or instead stayed. [Citation.]" (*Rhodius*, *supra*, 17 Cal.5th at p. 1054.)

Here, defendant's judgment included *two* prior prison term enhancements that were imposed and executed before January 1, 2020. (*Rinke*, *supra*, E063656.) Neither prior prison term enhancement was for a sexually violent offense.

The court, the People, and defense counsel below all erroneously asserted that defendant only ever had *one* prior prison term enhancement, which was stricken in 2016 pursuant to this court's modification. The court and the parties all erroneously asserted that the court's striking of defendant's prior prison term enhancement in December 2023, was a "nullity."

However, the record reflects that defendant had *two* prior prison terms, only one of which was stricken pursuant to this court's modification in 2016. The court struck the remaining prior prison term in 2023 pursuant to section 1172.75 but continued the matter for further resentencing. Thus, defendant was a person serving a sentence that included a prior prison term enhancement. The court erred in determining that defendant was ineligible for a resentencing hearing. Therefore, pursuant to *Rhodius*, the matter must be reversed and remanded with directions to the court below to hold a full resentencing hearing.

### III.  DISPOSITION

The matter is reversed and remanded to the trial court with directions to hold a full resentencing hearing.  We express no opinion on whether defendant would be entitled to any further relief at the resentencing hearing on remand.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
Acting P. J.

We concur:

RAPHAEL
J.

LEE
J.